■ ELIZABETH J. McGUY, Respondent, v. CONSTANTINOS F. PANGIOTOPOULOS, Also Known as GUS F. PAPPAS, Appellant.— In an action to impress a constructive trust on real property, defendant appeals from a judgment of the Supreme Court, Rockland County, dated December 13, 1973, which decreed a constructive trust in favor of plaintiff and directed defendant to convey the property to plaintiff, after a nonjury trial. Judgment modified, on the law and the facts, by adding a decretal paragraph thereto directing that there be an accounting as to moneys expended by the parties on the Falconer property and payments made by defendant to plaintiff on account of the $10,000 which defendant admits plaintiff earned. As so modified, judgment affirmed, without costs. In our opinion, the evidence was sufficient and ample to establish a constructive trust in favor of plaintiff on the Falconer property in its entirety. The evidence established that plaintiff, a divorced

woman with four children, became deeply enamored of defendant and that he treated her as his mistress and used her to obtain a buyer to purchase, for $200,000, property (the Schwiezer parcel) which he had earlier purchased for $125,000. He admitted that she had earned $10,000 in finding the buyer, but the evidence does not show that he paid her that sum, other than that, in purchasing at her request the house in which she now lives with her children, he paid $4,000 or $5,000 at the closing and subsequently paid the carrying charges and certain other expenses. Equitable principles require that, under the circumstances of this case, there be an accounting (see *Murdock* v. *Smith,* 37 A D 2d 782, app. dsmd. 30 N Y 2d 924). On the accounting, plaintiff should receive a credit for the $10,000 and defendant should receive credit for the moneys expended by him on the Falconer house. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.